IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Matus-Monroy,<br><br>    Petitioner,<br><br>vs.<br><br>Greg Fizer, et al.,<br><br>    Respondents. | No. CV 06-0529-PHX-JWS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Marcos Matus-Monroy has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #4. On September 26, 2003, pursuant to a plea agreement, Petitioner pleaded guilty in Maricopa County Superior Court to two counts of kidnaping, the first a class four felony and the second a class two felony under Arizona law. Doc. #12, Exh. C. On October 29, 2003, Petitioner was sentenced to six years in prison on the first count and 10.5 years on the second count, the terms to run concurrently. Doc. #12, Exh. D.

Petitioner filed a timely Notice of Post-Conviction Relief and request for appointment of counsel in the state trial court. Doc. #12, Exh. E. Petitioner's counsel subsequently filed a Notice of Completion of Post-Conviction Review in which counsel stated he was unable to find any claims for relief to raise in post-conviction relief proceedings. Doc. #12, Exh. F.

Petitioner then filed a Pro-Per Petition for Post-Conviction Relief on July 1, 2004. Doc. #12, Exh. G. The trial court denied the petition in a minute entry filed on October 1, 2004. Doc. #12, Exh. H. Petitioner filed a Petition for Review in the Arizona Court of Appeals on December 17, 2004, which was denied on August 16, 2005. Doc. #12, Exh. I, J. Petitioner then filed a Petition for Review in the Arizona Supreme Court on August 29, 2005, which the Court denied on January 23, 2006. Doc. #12, Exh. K, L.

On May 1, 2006, Petitioner filed his amended habeas petition in this court. Petitioner alleges two grounds for relief: (1) that his attorney provided ineffective assistance of counsel by falsely telling Petitioner that the prosecution had witnesses to testify against him and pressuring him to sign the plea agreement; and (2) that his right to equal protection was violated when the sentence imposed against him was more severe than the sentence imposed against his co-defendants. Respondents filed an Answer to Petition for Writ of Habeas Corpus on September 1, 2006. Doc. #12. Petitioner has not filed a reply, despite being instructed in the screening order that he could do so. Doc. #5 at 3.

## DISCUSSION

Respondents contend in their answer that Petitioner has procedurally defaulted on his two grounds for relief by failing to exhaust his state court remedies. Respondents argue that Petitioner failed to fairly present his claims to the Arizona Court of Appeals and the Arizona Supreme Court. Having failed to file a reply, Petitioner has presented nothing to refute Respondents' procedural default defense.

**A.    Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-

1  conviction relief.  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v.
2  Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

3       A claim has been fairly presented if the petitioner has described both the operative
4  facts and the federal legal theory on which the claim is based.  Bland v. Cal. Dep't of
5  Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v.
6  Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895,
7  898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus
8  exhausted) his federal claims in state court unless he specifically indicated to that court that
9  those claims were based on federal law."  Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir.
10 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001).  "If a petitioner fails to alert
11 the state court to the fact that he is raising a federal constitutional claim, his federal claim is
12 unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon,
13 88 F.3d 828, 830 (9th Cir. 1996).

14      If a petition contains claims that were never fairly presented in state court, the federal
15 court must determine whether state remedies remain available to the petitioner.  See Rose v.
16 Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989)
17 (O'Connor, J., concurring). If remedies are still available in state court, the federal court may
18 dismiss the petition without prejudice pending the exhaustion of state remedies.  Id.
19 However, if the court finds that the petitioner would have no state remedy were he to return
20 to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489
21 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a
22 defendant's claim is procedurally defaulted when it is clear that the state court would hold
23 the claim procedurally barred).  The federal court will not consider these claims unless the
24 petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
25 his noncompliance and actual prejudice.  See Dretke v. Haley, 124 S.Ct. 1847, 1851-52
26 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722,
27 750-51 (1991);  Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

28

1    Regarding the ineffective assistance of counsel claim, Respondents argue that
2 although Petitioner properly raised it as a federal constitutional claims in his petition for post-
3 conviction relief to the state trial court, he failed to fairly present it as a federal claim in the
4 Arizona Court of Appeals or the Arizona Supreme Court.  A review of Petitioner's Petition
5 for Review to the Arizona Court of Appeals shows that even though Petitioner alleged poor
6 representation by his attorney, he failed to allege a federal constitutional claim.  Doc. #12,
7 Exh. I.  Petitioner never referred to the Sixth Amendment or any cases that might indicate
8 he was making a federal constitutional claim.  Id.

9    Similarly, in his Petition for Review to the Arizona Supreme Court, Petitioner fails
10 to allege ineffective assistance under the Sixth Amendment.  Doc. #12, Exh. K.  He again
11 makes allegation of inadequate representation by his lawyer but he fails to cite any cases or
12 otherwise indicate that he is making a federal constitutional claim.  In a summary paragraph
13 at the end of his petition, Petitioner requests relief under the "Constitution of America" and
14 specific provisions of the Arizona Constitution.  However, the "mere mention of the federal
15 Constitution as a whole, without specifying an applicable provision, or an underlying federal
16 legal theory, does not suffice to exhaust the federal claim."  Fields v. Waddington, 401 F.3d
17 1018, 1021 (9th Cir. 2005).  Thus, Petitioner failed to fairly present his Sixth Amendment
18 ineffective assistance of counsel claim to the state court.

19    Regarding his second claim, that receiving a more severe sentence than his co-
20 defendants violated the Equal Protection Clause, Petitioner failed to make such a claim in his
21 Petition for Review to the Arizona Court of Appeals or the Arizona Supreme Court.  Doc.
22 #12, Exh. I, K.  In the petition to the Arizona Court of Appeals, Petitioner said nothing about
23 the lesser prison sentences received by his co-defendants.  Doc. #12, Exh. I.  In the petition
24 to the Arizona Supreme Court, one line contains the assertion that his co-defendants were
25 given a much lesser sentence.  Doc. #12, Exh. K at 5.  He made no allegation, however, that
26 this disparity violated the Equal Protection Clause.  Id.  Although Petitioner included the
27 equal protection claim in his petition for post-conviction relief to the state trial court, that is
28

not sufficient to exhaust the claim for federal habeas review. See Swoopes, 196 F.3d 1008, 1010 (9th Cir. 1999)

By failing to fairly present his claims for relief in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, his claims are procedurally defaulted. Additionally, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that the petition be denied and dismissed with prejudice.

**IT IS RECOMMENDED:**

That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #4) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 24rd day of April, 2007.

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Edward C. Voss
United States Magistrate Judge